**FILED**
**U.S. District Court**
**District of Kansas**
03/05/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON A. FULTON,

      **Petitioner,**

      v.                                                                            CASE NO. 26-3039-JWL

STEPHANIE SMITH, et al.,

      **Respondents,**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jason A. Fulton is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed without prejudice under the *Younger* abstention doctrine.

## I. Nature of the Matter before the Court

Plaintiff filed this pro se Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201–2202. (Doc. 1, at 2.) Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. Plaintiff alleges that he is bringing this action "to address a present-tense Record-Custody and auditability dispute arising from a newly appearing back-dated '09/22/1998 – Minutes' line in the certified Register of Actions for State v. Fulton, Case No. 97-CR-2353." *Id*. Plaintiff claims that the entry corresponds to a proceeding (apparently a hearing on a Motion for New Trial) that occurred in late September 1998 but was not properly documented on the docket at that time. *Id*. Plaintiff claims that the entry was displayed on the docket for the first time in December 2025. *Id*. at 9.

Plaintiff alleges that although the hearing on his post-trial Motion for New Trial was held on September 22, 1998, and although a Court Reporter transcribed the hearing (producing a certified transcript on January 13, 1999), nothing was noted on the docket at that time to reflect

1

the minutes or to acknowledge the transcript. *Id*. at 9.   Plaintiff alleges that the lack of a record for the proceeding "impair[ed] meaningful appellate and post-conviction review of that hearing." *Id*. at 10.   Plaintiff claims that the "authority-bridge" for the hearing was not documented. *Id*. He claims that the judge originally assigned to his case (Hon. Charles E. Andrews, Jr.) did not preside over Plaintiff's Motion for New Trail Hearing and instead testified as a witness. *Id*.   A different judge—Hon. James P. Buchele—conducted the hearing with nothing in the record to explain the substitution or a recusal by the original judge. *Id*.   Plaintiff claims that on August 26, 2009, Shawnee County's Managing Court Reporter, Dorothey J. Seel, informed Plaintiff in writing that a check of the court's computer system showed "no record of any hearing on 09/22/1998." *Id*. at 10–11.

Plaintiff claims that Judge C. William Ossmann ruled in 2025 that Judge Andrews properly recused so that he could testify. *Id*.   Plaintiff claims that the "lawfulness of the 09/22 hearing depended on a contemporaneous recusal/reassignment act," and the lack thereof created a missing authority bridge. *Id*.   Plaintiff claims that the entry added later as reflected on a December 5, 2025 docket line, "was evidently generated from the 1998 minutes sheet that Plaintiff provided (Appendix 10)." *Id*. at 13.   Plaintiff claims that the entry was added "without any corresponding notation about Judge Andrews's recusal or Judge Buchele's assignment, and without linking or cross-referencing the actual Motion for New Trial transcript from that date (Appendix 5 remains unmentioned in the ROA)." *Id*. at 14.   Plaintiff claims that "[t]he appearance of a back-dated September 1998 entry in a 2025-certified record therefore raises obvious red flags about how the data was inserted and whether normal docketing protocols were bypassed." *Id*.

Plaintiff states that he is not seeking any ruling on the ultimate merits of his underlying case, nor asking the Court to vacate any State-court judgment or to otherwise intervene in the State proceedings. *Id*. at 4.   Plaintiff states that he "seeks orders that preserve the status quo of the

2

certified Register of Actions, prevent further unlogged edits or republishing that could overwrite custody evidence, and require preservation/production of the audit metadata and system records necessary to determine when, how, and by what custody mechanism the back-dated '09/22/1998 – Minutes' entry first appeared in certified output." *Id*. at 3.

Plaintiff claims that for purposes of jurisdiction under § 1983, the underlying constitutional violation in this case is the deprivation of his Fourteenth Amendment rights "through the maintenance of an inconsistent and altered Court record under Color of State Law." *Id*. at 5. Plaintiff claims that this Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) (Civil Rights) and 28 U.S.C. §§ 2201–2202 (Declaratory Judgments). *Id*. at 5.

Plaintiff claims that he is subjected to accelerated State appellate briefing deadlines in KCOA Case No. 24-128,328-A, with a brief due March 4, 2026. *Id*. at 18.   Plaintiff claims that meaningful appellate review or post-conviction review depends on a record that is accurate, stable, and adequate to present claimed error.   *Id*. at 19.   Plaintiff claims that the back-dated entry impedes his right of access to the courts by obstructing his ability to litigate the missing authority-bridge on appeal and in post-conviction proceedings.   *Id*.   Plaintiff claims that it was inserted without notifying Plaintiff or any court, depriving him of any chance to challenge or inquire into the change and violating basic procedural due process protections.   *Id*.   Plaintiff claims that the record still does not reflect the corresponding transcript from the hearing.   *Id*. at 20.   Plaintiff argues that without something in the record reflecting the auditable bridge—transfer of judges or recusal—there is nothing to argue and nothing for any court to review.   *Id*. at 22.   Plaintiff also alleges that he submitted various filings in an attempt to invoke preservation relief, yet the Kansas Appellate Courts created no transparent received/returned/refused footprint (no docket entry and no file-stamp) sufficient to preserve a reviewable record.   *Id*. at 22–23.

Plaintiff names as defendants:   Stephanie Smith, Judicial Administrator, Kansas Office of

Judicial Administration ("OJA"); Alex Wong, OJA Chief Information Technology Officer; Lisa Taylor, Public Information Director (Judicial Branch KORA Records Custodian); Douglas T. Shima, Clerk of the Kansas Appellate Courts; Anthony T. Bukaty, Chief Deputy Clerk of the Kansas Appellate Courts; Stacy Pletcher, Clerk of the District Court of Shawnee County, Kansas; (fnu) Does 1–10, Kansas OJA CMS/Portal Operators.   Plaintiff sues all Defendants in their official capacities.

## II.   Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also Jenkins v. Trammell*, 2015 WL 10529346, *1 (W. D. Okla. Oct. 29, 2015) (applying § 1915A screening standards to petition for writ of mandamus) (citing *cf. Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996) ("[P]etitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915.")).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In addition, the court accepts all well-pleaded allegations in the complaint as true.   *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).   On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

## III.  Discussion

The Court is ordering Plaintiff to show good cause why the Court should not abstain from hearing this case under *Younger v. Harris*, 401 U.S. 37 (1971). *See Lynn v. Anderson-Varella,* 257 F. App'x 80, 87 (D. Kan. 2007) (*Younger* abstention doctrine applied where plaintiff alleged that court staff were refusing to file his motions and the presiding judge refused to recuse himself) (citing *Southwest Air Ambulance, Inc. v. Las Cruces,* 268 F.3d 1162, 1177 (10th Cir.2001) ("Under the abstention doctrine articulated by the Supreme Court in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts should not interfere with [ongoing] state court

proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings when the state forum provides an adequate avenue for relief.") (quotations omitted)).

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff acknowledges in his Complaint that he has ongoing proceedings before the Kansas Court of Appeals and the Kansas Supreme Court. Plaintiff claims that he is subjected to accelerated appellate briefing deadlines in KCOA Case No. 24-128,328-A, with a brief due March 4, 2026. (Doc. 1, at 18.) The online docket for that case shows that Plaintiff filed a motion to stay briefing on March 2, 2026.[1] Plaintiff also acknowledges that he has a pending Kansas Supreme Court original-action proceeding, citing Case No. 130,118. (Doc. 1, at 18.) On January 22, 2026, Plaintiff filed a "Petition for Writ of Mandamus and Application for Temporary Injunctiver Relief" in the Kansas Supreme Court.[2] *See, e.g., Fulton v. Kansas*, Case No. 2001-CV-000879, Index 28 (District Court of Shawnee County, Kansas) (petition filed on January 22, 2026, with caption reflecting that it was filed in the Kansas Supreme Court); *Fulton v.*

---

[1] *See* https://portal-kansas.tylertech.cloud/Portal/ (last visited March 3, 2026).
[2] On the front page of the Petition for Writ of Mandamus, it references Case Nos.: 1997-CR-1891; 1997-CR-2353; 1998-CR-2465; 2001-CV-879; 2013-CV-280; and 2023-CV-406.

*Kansas*, Case No. SN-2023-CV-000406, Index 169 (District Court of Shawnee County, Kansas) (same); *Fulton v. Kansas*, Case No. 2013-CV-000280, Index 16 (District Court of Shawnee County, Kansas) (same).

Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

Plaintiff alleges that because he is only seeking prospective injunctive relief against Defendants in their official capacities, this action falls within the *Ex parte Young* exception to sovereign immunity. (Doc. 1, at 6) (citing *Ex parte Young*, 209 U.S. 123 (1908)). However, the Court must still determine whether it is required to abstain under *Younger*. *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1265 (10th Cir. 2002) (allowing appellants to proceed with their claim under *Ex parte Young*, and then addressing *Younger* abstention and finding that

7

abstention was warranted); *see also Hunter v. Kansas*, 2008 WL 2397559, at \*2 (D. Kan. 2008) ("Although the Supreme Court has carved out an exception to state sovereign immunity for suits seeking prospective injunctive relief from state officials, *Ex Parte Young,* . . . the Supreme Court in *Younger v. Harris,* . . . narrowly proscribed federal injunctions and declaratory relief that interfere with ongoing state criminal proceedings.").

If the three circumstances for *Younger* abstention are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise.  *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).  Plaintiff argues that because he is seeking narrowly-tailored prospective relief directed to record integrity and auditability and is not seeking to have this Court intervene in the State proceeding, abstention is unwarranted under *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013). (Doc. 1, at 4.)   In *Sprint*, the Supreme Court held that the *Younger* doctrine:

> exemplifies one class of cases in which federal-court abstention is required:  When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.  This Court has extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions, . . . or that implicate a State's interest in enforcing the orders and judgments of its courts . . ..

*Id*. at 73.  As set forth above, it appears that prior to filing this action on February 27, 2026, Plaintiff filed a mandamus action in three of his criminal cases and three of his K.S.A. § 60-1507 actions.   Plaintiff also acknowledges in his Complaint that "[i]n 2024, during Plaintiff's state post-conviction appeal, the missing 1998 entry became the subject of a formal record reconstruction effort," and that "[i]n October 2024, the Kansas Court of Appeals ordered a limited remand under Kansas Supreme Court Rule 3.04 to settle the record (including addressing any missing 1998 transcript or docket notation)."   (Doc. 1, at 11–12.)   Plaintiff, through counsel, moved to preclude

8

the Rule 3.04 hearing entirely, and on June 4, 2025, his motion was granted. *Id*. at 12.   Plaintiff then sets forth all the efforts he took to supply the "reconstruction Court" with evidence regarding the docket issue, and states that as a result the record was partially updated. *Id*.at 12–14.   These issues have been raised in Plaintiff's state court proceedings, and they implicate a state's interest in enforcing the orders and judgments of its courts.

Plaintiff has not shown that extraordinary circumstances provide an exception to *Younger* abstention.   Two varieties of "extraordinary circumstances" exist:   "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Brown*, 555 F.3d at 888, n.4 (citations and internal quotations omitted).   However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).   The Tenth Circuit has held that "'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted).   *See also Kabutu v. Short*, 2022 WL 3010620, *2 (10th Cir. July 29, 2022) (unpublished) ("As a general matter, Kansas state courts provide an adequate forum for the resolution of constitutional claims incident to a state criminal prosecution absent a clear state bar to the assertion of such claims.").

Because it does not appear that any of the exceptions to *Younger* abstention apply, abstention would be mandatory.   Even where *Younger* abstention is not mandatory, courts may conclude "that abstention [is] appropriate under *Colorado River*'s principles of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"   *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 587 (10th Cir. 2018)

9

(unpublished) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (brackets and internal quotation marks omitted); *see D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 n.13 (10th Cir. 2013) (recognizing that "[i]n the strictest sense, the *Colorado River* doctrine is not an abstention doctrine at all.  Rather, it is a judicially crafted doctrine of efficiency that arose to fill a gap in the federal courts' existing inventory of abstention principles.")).

Plaintiff's request for injunctive relief is in the nature of a request for mandamus relief against state officers.  *See Goines v. Pugh*, 152 F. App'x 750, 752 (10th Cir. 2005) (construing request for injunctive relief as a petition for mandamus); *Hill v. Oklahoma*, 2010 WL 2035710, at *1 (W.D. Okla. 2010) (noting that plaintiff's request for injunctive relief seeks to compel enforcement of an expungement order by state officers and was more appropriately viewed as a request for mandamus relief against state officers).

A federal court's mandamus authority extends only to federal officials.  Section 1361 grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  It is well-established that "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989).  In other words, "[f]ederal courts have no power to issue writs of mandamus to state officers." *Jackson v. Standifird*, 463 F. App'x 736, 738 n.1 (10th Cir. 2012) (unpublished) (citing § 1361 and *Amisub (PSL), Inc.*).

Even more specifically, the Tenth Circuit has held that federal courts "'have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)).  The

10

Tenth Circuit in *Knox* also cited 42 U.S.C. § 1983 as providing that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id*.; *see also Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Abrams v. Div. of Unemployment Ins.*, 2025 WL 2513607, at *6 (D. Colo. 2025) ("With respect to any claims requesting prospective injunctive relief against Defendant[s], federal courts lack jurisdiction to issue writs of mandamus to direct state agencies in the performance of their duties, and are required to abstain from interfering with ongoing agency proceedings under the *Younger* abstention doctrine.") (quotation omitted).

## IV. Motion for Temporary Restraining Order

Plaintiff has filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4), and a Motion to Expedite Hearing and Set Short Briefing Schedule (Doc. 5).   In general, Plaintiff seeks injunctive relief in three areas related to the disputed September 1998 ROA segment as newly rendered in the 12/05/2025 certified ROA output: 1) freeze the September 1998 ROA Hinge Cluster so it cannot change while the Court reviews this motion; 2) preserve the Kansas OJA audit trail (logs/metadata) sufficient to prove when, how, and by whom the back-dated "09/22/1998 – Minutes" line was introduced into system output; and 3) lodge under seal a small "Certification-Integrity Audit Packet" showing the provenance of the disputed line and the 12/05/2025 certified ROA output.   (Doc. 4, at 10.)   Plaintiff seeks an expedited hearing and briefing schedule for his motion seeking a temporary restraining order and preliminary injunction. (Doc. 5.)

In *Peters v. United States*, the plaintiff also filed a motion for injunctive relief and a motion to expedite the proceedings on her motion.   *See Peters v. United States*, 2023 WL 8810999 (D. Colo. 2023).   The court found that it "must first determine whether it is required to abstain from

11

exercising its jurisdiction pursuant to *Younger*; were the court to find that abstention is mandatory, '[t]he question of whether to preliminary [sic] enjoin [the] ongoing state court proceeding [would be] precluded.' " *Id*. at *2 (citations omitted).   "Accordingly, this Court may properly address the *Younger* abstention doctrine before initiating proceedings on the merits, as the resolution of the *Younger* issue may moot Plaintiff's claim for injunctive relief."   *Id*. (citing *Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) (holding that the district court "correctly refrained from conducting a hearing on the plaintiff's motion for a preliminary injunction" after dismissing the plaintiffs' suit on abstention grounds); *see also Baca v. Berry*, 806 F.3d 1262, 1269, 1270 (10th Cir. 2015 (recognizing that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket" and may "stay proceedings pending before it . . . for the purpose of economy of time and effort for itself, for counsel, and for litigants" (quotation omitted))).

In a subsequent determination, the court in *Peters* noted that because a significant question was raised as to whether the court should abstain from reaching the merits of the claim under *Younger*, "and thus, any request for preliminary injunction," the court denied the plaintiff's request to expedite the preliminary injunction proceedings and ordered the plaintiff to respond to the motion to stay.   *See Peters v. United States*, 2024 WL 83333, at *3 (D. Colo. 2024), *aff'd* 2024 WL 3086003 (10th Cir. 2024), *application for writ of injunction denied*, 2024 WL 3511647 (2024). The court held that:

> In *Graff*, the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") observed that it was unclear whether *Younger* abstention implicates a federal court's subject matter jurisdiction— and thus, whether the framework of Rule 12(b)(1) applies—in this Circuit. *See Graff*, 65 F.4th at 523 n.32 (comparing *D.L. v. Unified School District No. 497.*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional"), with *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 666 (10th Cir. 2020) ("[W]hen cases present circumstances implicating [abstention]

12

doctrines, no question is raised as to the court's subject matter jurisdiction.")). Though the Tenth Circuit did not revolve [sic] the issue in *Graff* and has not spoken to it since, district courts within the Tenth Circuit continue to treat *Younger* abstention as jurisdictional, or akin to jurisdictional. *See, e.g.*, *Halliburton v. Eades*, No. 5:23-cv-970-F, 2023 WL 9007299, at *2 n.4 (W.D. Okla. Dec. 28, 2023) ("*Younger* abstention is jurisdictional." (citing *D.L*, 392 F.3d at 1232)); *Balderama v. Bulman*, No. 1:21-cv-1037-JB-JFR, 2023 WL 2728148, at *12 (D.N.M. Mar. 31, 2023) (describing abstention as "akin to jurisdictional" (quotation omitted)); *El-Bey v. Lambdin*, No. 22-cv-00682-DDD-MDB, 2023 WL 2187478, at *4 n.4 (D. Colo. Feb. 23, 2023) (observing that "[a]lthough the *Younger* abstention doctrine is often referred to as a 'jurisdictional' issue, technically speaking, '*Younger* is a doctrine of abstention' " (quoting *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013)).

While mindful of the distinction between a court's subject matter jurisdiction to entertain a matter versus whether a court is required to refrain from exercising jurisdiction, *see, e.g.*, *El-Bey*, 2023 WL 2187478, at *4 n.4, definitive resolution of this issue is beyond the scope of this Court's determination here and ultimately, immaterial. First, the Parties have not placed the issue precisely before the Court. *Cf. Graff*, 65 F.4th at 523 n.32 (observing that "no party has addressed, let alone suggested, that the jurisdictional/non-jurisdictional nature of the *Younger* doctrine affects how this Court should address the issues on appeal"). Second, this Court is unaware of any Supreme Court or en banc decision of the Tenth Circuit that expressly overrules *D.L.*, and thus, this court is bound by it. *See Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("A published decision of one panel of [the Tenth Circuit] constitutes binding circuit precedent constraining subsequent panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."); *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit...."). Third, regardless of the procedural framework, a district court must resolve any question of *Younger* abstention before it proceeds to the merits, as a conclusion that *Younger* abstention applies "ends the matter." *Goings v. Sumner Cty. Dist. Attn'y's Office*, 571 F. App'x 634, 639 (10th Cir. 2014) (quotation and emphasis omitted). Fourth, dismissals based on lack of subject matter jurisdiction or based on abstention principles are both without prejudice. *See id.* at 639; *see also Graff*, 65 F.4th at 523 n.32 ("Given that dismissal without prejudice is the proper result whether or not *Younger* abstention affects a federal court's subject matter jurisdiction, this court does not further consider the doctrine's jurisdictional pedigree." (citation omitted)).

13

*Id*. at \*4.

Therefore, the Court must resolve the issue of *Younger* abstention before it proceeds to the merits. A conclusion that *Younger* abstention applies ends the matter. As set forth above, it appears that all three factors for *Younger* abstention have been met and that no exceptions apply. Plaintiff is given the opportunity to show good cause why abstention is not mandatory.

## V. Response Required

Plaintiff should show good cause why the Court should not abstain under the *Younger* doctrine. Failure to respond by the deadline may result in dismissal of this matter without prejudice and without prior notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **April 6, 2026**, in which to show good cause, in writing to the undersigned, why this action should not be dismissed without prejudice based on the *Younger* abstention doctrine.

**IT IS SO ORDERED**.

**Dated March 5, 2026, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**