**FILED**
**U.S. District Court**
**District of Kansas**
04/17/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON A. FULTON,

     Petitioner,

     v.                           CASE NO. 26-3039-JWL

STEPHANIE SMITH, et al.,

     Respondents,

## MEMORANDUM AND ORDER

Plaintiff filed this pro se Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201–2202. (Doc. 1, at 2.) Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On March 5, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed without prejudice based on *Younger* abstention. This matter is before the Court on Plaintiff's response (Doc. 10).

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff alleges that he is bringing this action "to address a present-tense Record-Custody and auditability dispute arising from a newly appearing back-dated '09/22/1998 – Minutes' line in the certified Register of Actions for State v. Fulton, Case No. 97-CR-2353." *Id*. Plaintiff claims that the entry corresponds to a proceeding (apparently a hearing on a Motion for New Trial) that occurred in late September 1998 but was not properly documented on the docket at that time. *Id*. Plaintiff claims that the entry was displayed on the docket for the first time in December 2025. *Id*. at 9.

Plaintiff alleges that although the hearing on his post-trial Motion for New Trial was held on September 22, 1998, and although a Court Reporter transcribed the hearing (producing a

1

certified transcript on January 13, 1999), nothing was noted on the docket at that time to reflect the minutes or to acknowledge the transcript. *Id*. at 9. Plaintiff alleges that the lack of a record for the proceeding "impair[ed] meaningful appellate and post-conviction review of that hearing." *Id*. at 10. Plaintiff claims that the "authority-bridge" for the hearing was not documented. *Id*. He claims that the judge originally assigned to his case (Hon. Charles E. Andrews, Jr.) did not preside over Plaintiff's Motion for New Trial Hearing and instead testified as a witness. *Id*. A different judge—Hon. James P. Buchele—conducted the hearing with nothing in the record to explain the substitution or a recusal by the original judge. *Id*. Plaintiff claims that on August 26, 2009, Shawnee County's Managing Court Reporter, Dorothey J. Seel, informed Plaintiff in writing that a check of the court's computer system showed "no record of any hearing on 09/22/1998." *Id*. at 10–11.

Plaintiff claims that Judge C. William Ossmann ruled in 2025 that Judge Andrews properly recused so that he could testify. *Id*. Plaintiff claims that the "lawfulness of the 09/22 hearing depended on a contemporaneous recusal/reassignment act," and the lack thereof created a missing authority bridge. *Id*. Plaintiff claims that the entry added later as reflected on a December 5, 2025 docket line, "was evidently generated from the 1998 minutes sheet that Plaintiff provided (Appendix 10)." *Id*. at 13. Plaintiff claims that the entry was added "without any corresponding notation about Judge Andrews's recusal or Judge Buchele's assignment, and without linking or cross-referencing the actual Motion for New Trial transcript from that date (Appendix 5 remains unmentioned in the ROA)." *Id*. at 14. Plaintiff claims that "[t]he appearance of a back-dated September 1998 entry in a 2025-certified record therefore raises obvious red flags about how the data was inserted and whether normal docketing protocols were bypassed." *Id*.

Plaintiff states that he is not seeking any ruling on the ultimate merits of his underlying case, nor asking the Court to vacate any State-court judgment or to otherwise intervene in the State

proceedings. *Id*. at 4. Plaintiff states that he "seeks orders that preserve the status quo of the certified Register of Actions, prevent further unlogged edits or republishing that could overwrite custody evidence, and require preservation/production of the audit metadata and system records necessary to determine when, how, and by what custody mechanism the back-dated '09/22/1998 – Minutes' entry first appeared in certified output." *Id*. at 3.

The Court ordered Plaintiff to show good cause why the Court should not abstain from hearing this case under *Younger v. Harris*, 401 U.S. 37 (1971). *See Lynn v. Anderson-Varella*, 257 F. App'x 80, 87 (D. Kan. 2007) (*Younger* abstention doctrine applied where plaintiff alleged that court staff were refusing to file his motions and the presiding judge refused to recuse himself) (citing *Southwest Air Ambulance, Inc. v. Las Cruces,* 268 F.3d 1162, 1177 (10th Cir.2001) ("Under the abstention doctrine articulated by the Supreme Court in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts should not interfere with [ongoing] state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings when the state forum provides an adequate avenue for relief.") (quotations omitted)).

The Court found that Plaintiff acknowledged in his Complaint that he has ongoing proceedings before the Kansas Court of Appeals and the Kansas Supreme Court. Plaintiff claimed that he was subjected to accelerated appellate briefing deadlines in KCOA Case No. 24-128,328-A, with a brief due March 4, 2026. (Doc. 1, at 18.) The online docket for that case showed that Plaintiff filed a motion to stay briefing on March 2, 2026.[1] Plaintiff also acknowledged that he has a pending Kansas Supreme Court original-action proceeding, citing Case No. 130,118. (Doc. 1, at 18.) On January 22, 2026, Plaintiff filed a "Petition for Writ of

---

[1]  *See* https://portal-kansas.tylertech.cloud/Portal/ (last visited March 3, 2026).

Mandamus and Application for Temporary Injunctiver Relief" in the Kansas Supreme Court.[2]  *See, e.g., Fulton v. Kansas*, Case No. 2001-CV-000879, Index 28 (District Court of Shawnee County, Kansas) (petition filed on January 22, 2026, with caption reflecting that it was filed in the Kansas Supreme Court); *Fulton v. Kansas*, Case No. SN-2023-CV-000406, Index 169 (District Court of Shawnee County, Kansas) (same); *Fulton v. Kansas*, Case No. 2013-CV-000280, Index 16 (District Court of Shawnee County, Kansas) (same).

The Court found in the MOSC that Plaintiff alleges that because he is only seeking prospective injunctive relief against Defendants in their official capacities, this action falls within the *Ex parte Young* exception to sovereign immunity.   (Doc. 1, at 6) (citing *Ex parte Young*, 209 U.S. 123 (1908)).   The Court found that it must still determine whether it is required to abstain under *Younger*.   *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1265 (10th Cir. 2002) (allowing appellants to proceed with their claim under *Ex parte Young*, and then addressing *Younger* abstention and finding that abstention was warranted); *see also Hunter v. Kansas*, 2008 WL 2397559, at *2 (D. Kan. 2008) ("Although the Supreme Court has carved out an exception to state sovereign immunity for suits seeking prospective injunctive relief from state officials, *Ex Parte Young, . . .* the Supreme Court in *Younger v. Harris, . . .* narrowly proscribed federal injunctions and declaratory relief that interfere with ongoing state criminal proceedings.").

Plaintiff argued that because he is seeking narrowly-tailored prospective relief directed to record integrity and auditability and is not seeking to have this Court intervene in the State proceeding, abstention is unwarranted under *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013). (Doc. 1, at 4.)   In *Sprint,* the Supreme Court held that the *Younger* doctrine:

> exemplifies one class of cases in which federal-court abstention is
> required:   When there is a parallel, pending state criminal

---

[2] On the front page of the Petition for Writ of Mandamus, it references Case Nos.: 1997-CR-1891; 1997-CR-2353; 1998-CR-2465; 2001-CV-879; 2013-CV-280; and 2023-CV-406.

> proceeding, federal courts must refrain from enjoining the state prosecution. This Court has extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions, . . . or that implicate a State's interest in enforcing the orders and judgments of its courts . . ..

*Id*. at 73. The Court found in the MOSC that it appears that prior to filing this action on February 27, 2026, Plaintiff filed a mandamus action in three of his criminal cases and three of his K.S.A. § 60-1507 actions. Plaintiff also acknowledges in his Complaint that "[i]n 2024, during Plaintiff's state post-conviction appeal, the missing 1998 entry became the subject of a formal record reconstruction effort," and that "[i]n October 2024, the Kansas Court of Appeals ordered a limited remand under Kansas Supreme Court Rule 3.04 to settle the record (including addressing any missing 1998 transcript or docket notation)." (Doc. 1, at 11–12.) Plaintiff, through counsel, moved to preclude the Rule 3.04 hearing entirely, and on June 4, 2025, his motion was granted. *Id*. at 12. Plaintiff then sets forth all the efforts he took to supply the "reconstruction Court" with evidence regarding the docket issue, and states that as a result the record was partially updated. *Id*.at 12–14.

The Court found in the MOSC that Plaintiff has not shown that extraordinary circumstances provide an exception to *Younger* abstention. Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888, n.4 (10th Cir. 2009) (citations and internal quotations omitted). However, a plaintiff has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999) (citation omitted). The Tenth Circuit has held that "'unless state law clearly bars the interposition of the federal statutory and constitutional

claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted); *see also Kabutu v. Short*, 2022 WL 3010620, *2 (10th Cir. July 29, 2022) (unpublished) ("As a general matter, Kansas state courts provide an adequate forum for the resolution of constitutional claims incident to a state criminal prosecution absent a clear state bar to the assertion of such claims.").

The Court found that because it does not appear that any of the exceptions to *Younger* abstention apply, abstention would be mandatory. Even where *Younger* abstention is not mandatory, courts may conclude "that abstention [is] appropriate under *Colorado River*'s principles of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 587 (10th Cir. 2018) (unpublished) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (brackets and internal quotation marks omitted); *see D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 n.13 (10th Cir. 2013) (recognizing that "[i]n the strictest sense, the *Colorado River* doctrine is not an abstention doctrine at all. Rather, it is a judicially crafted doctrine of efficiency that arose to fill a gap in the federal courts' existing inventory of abstention principles.")).

In his response, Plaintiff attempts to show that the state courts do not provide an adequate forum by pointing to documents returned by the Kansas Court of Appeals in July 2025 due to the matter being on remand to the district court at that time. *See* Docs. 10–5, 10–6, and 10–7.[3] Plaintiff claims that this shows that the "State pathway has not yielded a reviewable mechanism to preserve evidence while deadlines proceed." (Doc. 10, at 11.) Plaintiff states that "[a]s of the date of this Response, [his mandamus action before the Kansas Supreme Court] remains in a

---

[3] Plaintiff acknowledges that although the filings were returned, "those filings were preserved in the Shawnee County District Court record through file-stamping for record preservation purposes." (Doc. 10, at 10.)

reconsideration posture and Plaintiff has not received substantive findings or a merits disposition sufficient to provide a meaningful, reviewable avenue to litigate the time-sensitive provenance/preservation issue presented here." (Doc. 10, at 4, 11.)

In his response to the MOSC, Plaintiff argues again that *Younger* abstention does not apply to the narrow relief he is seeking. (Doc. 10, at 3, 7.)   Plaintiff stresses that he is not seeking to stay his state court proceedings, and only seeks injunctive relief in the form of an order requiring the state administrative custodians to preserve data and to prevent Defendants from destroying, overwriting, or purging existing electronic audit/provenance materials. *Id*. at 4–5, 14. Plaintiff claims that the relief he requests is not directed at state judges, but rather is directed to Defendants, who are administrative custodians and operational personnel associated with the Kansas Judicial Branch/OJA record systems and clerk-controlled records outputs. *Id*. at 6.

The Court also found in the MOSC that Plaintiff's request for injunctive relief is in the nature of a request for mandamus relief against state officers. *See Goines v. Pugh*, 152 F. App'x 750, 752 (10th Cir. 2005) (construing request for injunctive relief as a petition for mandamus); *Hill v. Oklahoma*, 2010 WL 2035710, at *1 (W.D. Okla. 2010) (noting that plaintiff's request for injunctive relief seeks to compel enforcement of an expungement order by state officers and was more appropriately viewed as a request for mandamus relief against state officers).   Plaintiff states in his response that he "is not invoking § 1361." (Doc. 10, at 12.)   He claims that mandamus-like relief would require a state official to "perform an adjudicative act" and his requested preservation relief is "prohibitory:  it directs custodians not to destroy, overwrite, or purge existing electronic audit/provenance materials." *Id*.  This Court is not familiar with the state courts' record system, and cannot determine whether or not an order "not to overwrite" data could be accomplished without an official taking some action to prevent an override.

A federal court's mandamus authority extends only to federal officials.   Section 1361

grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.   It is well-established that "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989).   In other words, "[f]ederal courts have no power to issue writs of mandamus to state officers." *Jackson v. Standifird*, 463 F. App'x 736, 738 n.1 (10th Cir. 2012) (unpublished) (citing § 1361 and *Amisub (PSL), Inc.*).

Even more specifically, the Tenth Circuit has held that federal courts "'have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)).   The Tenth Circuit in *Knox* also cited 42 U.S.C. § 1983 as providing that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."   *Id.*; *see also Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Abrams v. Div. of Unemployment Ins.*, 2025 WL 2513607, at *6 (D. Colo. 2025) ("With respect to any claims requesting prospective injunctive relief against Defendant[s], federal courts lack jurisdiction to issue writs of mandamus to direct state agencies in the performance of their duties, and are required to abstain from interfering with ongoing agency proceedings under the *Younger* abstention doctrine.") (quotation omitted).

The Court is unable to ascertain whether Plaintiff has sought, or will be able to seek, the same relief he seeks here in his state court proceedings.   The Court is also unable to ascertain whether or not the relief Plaintiff seeks is in the nature of mandamus, requiring affirmative acts by the Defendants.   Therefore, the Court finds that the proper processing of Plaintiff's claims cannot

be achieved without additional information from appropriate officials of the Kansas Attorney General's Office ("KAGO Officials").  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991); *see also Apodaca v. N.M. Adult Prob. & Parole*, 2015 WL 13662874, at 2, n.5 (D. N.M. 2015), *Report and Recommendation adopted by* 2015 WL 1918153 (D. N.M. 2015) (noting that the court ordered a *Martinez* Report to address plaintiff's claims, to state whether records pertaining to the allegations existed, and to address standing, the *Heck* bar, and *Younger* abstention).  Therefore, the Court will direct the KAGO Officials to prepare a *Martinez* Report on the limited issue of whether or not Plaintiff has sought, or will be able to seek, the same relief in his state court proceedings, and whether or not the relief Plaintiff seeks is in the nature of mandamus, requiring the Defendants to perform affirmative acts. If the relevant data has already been preserved or is not at risk of being purged, the Interested Party should so notify the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)    The KAGO Officials shall submit the *Martinez* Report by May 1, 2026.

(2)    KAGO Officials are directed to undertake a review of the issues set forth in the Memorandum and Order:

a.    To ascertain the facts and circumstances;

b.    To consider whether any action can and should be taken by the institution to resolve the issues in this case; and

c.    To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the claims in this case and should be considered together.

(3)    Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.   If the KAGO Officials

wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).   The KAGO Officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4)    Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included. The KAGO Officials shall redact and/or mute audio for any personal identifiers included in   any video or recording submitted.

(5)    Authorization is granted to the KAGO Officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)    No motion or other document addressed to the Complaint shall be filed until the Court has reviewed the *Martinez* Report and entered an order screening the Complaint.

(7)    Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Attorney General for the State of Kansas as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.   Upon the filing of that report, the Attorney General for the State of Kansas may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated April 17, 2026, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
