**FILED**
**U.S. District Court**
**District of Kansas**
06/09/2026
**Clerk, U.S. District Court**
By: SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JASON A. FULTON,

     **Plaintiff,**

     v.                          **CASE NO. 26-3039-JWL**

STEPHANIE SMITH, et al.,

     **Defendants,**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201–2202. (Doc. 1, at 2.) Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On March 5, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed without prejudice based on *Younger* abstention. Plaintiff filed a response (Doc. 10), and on April 17, 2026, the Court entered a Memorandum and Order (Doc. 11) ("M&O") directing officials from the Kansas Attorney General's Office ("KAGO Officials") to submit a *Martinez* report. The *Martinez* Report (Docs. 12, 13) (the "Report") was filed on May 1, 2026. On May 5, 2026, the Court entered a Memorandum and Order (Doc. 14) ("M&O II") granting Plaintiff until June 5, 2026, to show good cause why this matter should not be dismissed for the reasons set forth in the M&O II. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff challenges the accuracy and completeness of the record in his state court criminal case. *See State v. Fulton*, Case No. 97-CR-2353 (District Court of Shawnee County, Kansas). The Court found in the M&O that the proper processing of Plaintiff's claims

could not be achieved without additional information from KAGO Officials.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991); *see also Apodaca v. N.M. Adult Prob. & Parole*, 2015 WL 13662874, at 2, n.5 (D. N.M. 2015), *Report and Recommendation adopted by* 2015 WL 1918153 (D. N.M. 2015) (noting that the court ordered a *Martinez* Report to address plaintiff's claims, to state whether records pertaining to the allegations existed, and to address standing, the *Heck* bar, and *Younger* abstention).  The Court directed the KAGO Officials to prepare a *Martinez* Report on the limited issue of whether or not Plaintiff has sought, or will be able to seek, the same relief in his state court proceedings, and whether or not the relief Plaintiff seeks is in the nature of mandamus, requiring the Defendants to perform affirmative acts.  The M&O also provided that "[i]f the relevant data has already been preserved or is not at risk of being purged, the Interested Party should so notify the Court." (Doc. 11, at 9.)

The KAGO Officials submitted the Report on May 1, 2026.  (Docs. 12, 13.)  The Report provides that "the investigation shows that Plaintiff has sought and continues to seek the same relief in state court, that the relief he seeks is enforcement of a ministerial act in the nature of mandamus, and that the relevant data has been preserved and is not at risk of being purged." (Doc. 12, at 1.)  The Report sets forth the details of Plaintiff's state court proceedings.  *Id*. at 1–4.  The Court set forth the findings in the Report in detail in the M&O II. (Doc. 14, at 3–6.)

In the M&O II, the Court granted Plaintiff an opportunity to respond to the Report.  The Court found that:

> In his response to the MOSC, Plaintiff argued that mandamus relief would require a state official to "perform an adjudicative act" and his requested preservation relief is "prohibitory: it directs custodians not to destroy, overwrite, or purge existing electronic audit/provenance materials." (Doc. 10, at 12.)  Based on the Report, it appears that this request is moot.  Plaintiff should show good cause:  1) why his request for prohibitory relief is not moot in light

of the findings in the Report that no data is at risk of being deleted, purged, or overwritten; 2) why any further request for injunctive relief is not in the nature of a request for mandamus relief against state officers; and 3) why the Court would not be required to abstain from any remaining claims based on *Younger*.

*Id*. at 6.  The M&O II also provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice."  *Id*. at 7.  Plaintiff has failed to respond by the Court's deadline.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 4) and motion to expedite hearing (Doc. 5) are **denied.**

**IT IS SO ORDERED**.

**Dated June 9, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**