**FILED**
**U.S. District Court**
**District of Kansas**
07/08/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JASON A. FULTON,

    **Plaintiff,**

    v.                                                            **CASE NO. 26-3039-JWL**

STEPHANIE SMITH, et al.,

    **Defendants,**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201–2202.  (Doc. 1, at 2.)  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas.  On March 5, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed without prejudice based on *Younger* abstention.   Plaintiff filed a response (Doc. 10), and on April 17, 2026, the Court entered a Memorandum and Order (Doc. 11) ("M&O") directing officials from the Kansas Attorney General's Office ("KAGO Officials") to submit a *Martinez* report.   The *Martinez* Report (Docs. 12, 13) (the "Report") was filed on May 1, 2026.   On May 5, 2026, the Court entered a Memorandum and Order (Doc. 14) ("M&O II") granting Plaintiff until June 5, 2026, to show good cause why this matter should not be dismissed for the reasons set forth in the M&O II.   Plaintiff failed to respond by the Court's deadline and the Court dismissed this matter on June 9, 2026.   (Docs. 15, 16.)

This matter is before the Court on Plaintiff's Emergency Motion to Alter or Amend Judgment, Reopen Case, and Accept Plaintiff's Limited Response as Timely Filed, or Alternatively for Relief from Judgment (Doc. 17).  Plaintiff has also filed Plaintiff's Motion to Supplement the Record with Newly Produced OJA Metadata and Related Affidavit Material;

1

Plaintiff Moves Under Rules 59(e) and 60(b)(2), (3), and (6) (Doc. 18).

Plaintiff asks the Court to reopen this case and to consider the attached response to the *Martinez* Report as timely filed.   Plaintiff states that he gave his response to staff for e-filing, but the document was not filed with the Court.   (Doc. 17, at 1–2.)   The Court grants the motion to the extent that the Court will reopen this case and consider Plaintiff's attached response as timely filed.

The Court will consider Plaintiff's Limited Response to the Martinez Report and Notice of Material Provenance Dispute (Doc. 17–1).   The Court directed the KAGO Officials to prepare a *Martinez* Report on the limited issue of whether or not Plaintiff has sought, or will be able to seek, the same relief in his state court proceedings, and whether or not the relief Plaintiff seeks is in the nature of mandamus, requiring the Defendants to perform affirmative acts.   The M&O also provided that "[i]f the relevant data has already been preserved or is not at risk of being purged, the Interested Party should so notify the Court."   (Doc. 11, at 9.)

The KAGO Officials submitted the Report on May 1, 2026.   (Docs. 12, 13.)   The Report provides that "the investigation shows that Plaintiff has sought and continues to seek the same relief in state court, that the relief he seeks is enforcement of a ministerial act in the nature of mandamus, and that the relevant data has been preserved and is not at risk of being purged." (Doc. 12, at 1.)   The Report sets forth the details of Plaintiff's state court proceedings.   *Id*. at 1–4.   The Court set forth the findings in the Report in detail in the M&O II. (Doc. 14, at 3–6.)   The Court noted that the Report provides that "[o]n November 26, 2024, Rodney Simecka, a trial clerk with approximately 24 years of experience, located the September 22, 1998 Judge's Minutes in an existing paper file associated with Plaintiff and imaged the document into the case management system so that it would be accessible as part of the electronic record."   *Id*. at 5.

In the M&O II, the Court granted Plaintiff an opportunity to respond to the Report.   The Court found that:

> In his response to the MOSC, Plaintiff argued that mandamus relief would require a state official to "perform an adjudicative act" and his requested preservation relief is "prohibitory: it directs custodians not to destroy, overwrite, or purge existing electronic audit/provenance materials." (Doc. 10, at 12.)   Based on the Report, it appears that this request is moot.   Plaintiff should show good cause:   1) why his request for prohibitory relief is not moot in light of the findings in the Report that no data is at risk of being deleted, purged, or overwritten; 2) why any further request for injunctive relief is not in the nature of a request for mandamus relief against state officers; and 3) why the Court would not be required to abstain from any remaining claims based on *Younger*.

*Id*. at 6.

In his newly-filed response, Plaintiff takes issue with not being provided with "system receipts."   He claims that although the State has now supplied the claimed mechanism for how the disputed "Judge's Minutes Document" entered Enterprise Justice, the receipts would show whether the "mechanism was ordinary preservation, later indexing, public-docket publication, certified-output alteration, or another record-custody event."   (Doc. 17–1, at 7.)   Plaintiff states that he "does not ask this Court to correct or reconcile the Kansas record . . . [and] asks only that the Court not dismiss this Federal Access-to-Court claim by crediting an affidavit-based internal timeline over a file-stamped Rule 3.04 record without the metadata and custody records necessary to test that timeline."   *Id*. at 8.   Plaintiff claims that the "receipts are needed to measure the timing, source, scope, and legal character of that already-established injury."   *Id*.   Plaintiff claims that although the Report assures that the data is preserved, it does not answer the question regarding provenance.   *Id*. at 9.

Although the Report explains why the entry was made on the docket at a later date—the document was located in a paper file and imaged into the electronic system—Plaintiff claims that

he needs receipts showing "the objective system path."   *Id*. at 10–11.   The problem with Plaintiff's argument is that he has failed to explain why he cannot seek the "provenance receipts" in his pending state court actions where this matter is at issue.   Plaintiff sets forth a list of records that he claims should be part of a "supplemental custodian-certification record," but fails to indicate why he cannot seek these records in state court.   *See id*. at 18–19.

Plaintiff has also filed a motion (Doc. 18) seeking to supplement the record with newly produced OJA metadata and related affidavit material.   Plaintiff claims that this new material contradicts Rodney Simecka's timeline set forth in the Report.   (Doc. 18, at 1–2.)   Plaintiff indicates that he received the new documentation pursuant to a KORA request.   *Id*. at 2.   Plaintiff claims that although Simecka declared that the event occurred on November 26, 2024, the "OJA's metadata now places the disputed event and document activity on November 6, 2024."   *Id*. at 4. Plaintiff attaches the June 22, 2026 email response to his KORA request which states that "[a]ll meta data for the document history is attached in the excel spreadsheet."   (Doc. 18–2, at 4.)

The Court will grant the motion to supplement to the extent that the attachment to the motion will be considered part of the record.   However, nothing in the supplement changes the Court's decision.   Plaintiff's ability to obtain the meta data through his KORA request in June 2026 supports the Report's assertion that no data is at risk of being purged or overwritten.

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).   "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required

to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff claims that *Younger* abstention does not require dismissal because his "requested Federal relief does not target, stay, supervise, or control the Kansas appeal." (Doc. 17–1, at 13.) In arguing that the state court proceedings do not provide an adequate forum, Plaintiff states that "[t]he existence of Kansas proceedings is not the same as a state mechanism that has produced, preserved through custodian certification, or identified the Enterprise Justice receipts necessary to test the Martinez Report's newly disclosed internal timeline." *Id*. at 14.

Plaintiff's state court actions are ongoing. Therefore, the first *Younger* factor is met. The second factor is also met. Plaintiff has failed to explain why the state court fails to provide an adequate forum to hear his claims. Third, the state court proceedings involve important state interests involving the state court's docket system.

"[A] court may decline to abstain under *Younger* when extraordinary circumstances are present, including when the underlying state court action was: (1) a criminal prosecution commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Cumpton v. Wonnell*, 2025 WL 3906238, at *4 (D. Kan. 2025), *adopted by* 2026 WL 66785 (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995) (citing *Younger*, 401 U.S. at 53–54)). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. (citing *Weitzel v. Div. of Occupational and Pro. Licensing of Dept. of Com. of State of Utah*, 240 F.3d 871, 876 (10th Cir. 2001) (quoting *Phelps*, 122 F.3d at 889)). Plaintiff has failed to meet this heavy burden. None of the exceptions to *Younger* abstention apply.

The Court's M&O II ordered Plaintiff to "show good cause: 1) why his request for prohibitory relief is not moot in light of the findings in the Report that no data is at risk of being deleted, purged, or overwritten; 2) why any further request for injunctive relief is not in the nature of a request for mandamus relief against state officers; and 3) why the Court would not be required to abstain from any remaining claims based on *Younger*."  (Doc. 14, at 6.)  The Court has now considered Plaintiff's response and supplement and finds that Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth in the M&O II.   Therefore, the Court's dismissal of this matter stands.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Alter or Amend Judgment, Reopen Case, and Accept Plaintiff's Limited Response as Timely Filed, or Alternatively for Relief from Judgment (Doc. 17) is **granted** to the extent that the Court will reopen this case and consider Plaintiff's attached response as timely filed.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 18) is **granted** to the extent that the attachment to the motion will be considered part of the record.

**IT IS FURTHER ORDERED** that the Court's dismissal of this matter remains in effect. The Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated July 8, 2026, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**