**FILED**
**U.S. District Court**
**District of Kansas**
08/27/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JASON A. FULTON,**

**Plaintiff,**

**v.** **CASE NO. 26-3039-JWL**

**STEPHANIE SMITH, et al.,**

**Defendants,**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201–2202. (Doc. 1, at 2.) Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On June 9, 2026, the Court entered a Memorandum and Order (Doc. 15) dismissing this matter without prejudice. This matter is before the Court on Plaintiff's second Motion to Alter or Amend (Doc. 20).

**I. Background**

On March 5, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed without prejudice based on *Younger* abstention. Plaintiff filed a response (Doc. 10), and on April 17, 2026, the Court entered a Memorandum and Order (Doc. 11) ("M&O") directing officials from the Kansas Attorney General's Office ("KAGO Officials") to submit a *Martinez* report. The *Martinez* Report (Docs. 12, 13) (the "Report") was filed on May 1, 2026. On May 5, 2026, the Court entered a Memorandum and Order (Doc. 14) ("M&O II") granting Plaintiff until June 5, 2026, to show good cause why this matter should not be dismissed for the reasons set forth in the M&O II. Plaintiff failed to respond by the Court's deadline and the Court dismissed this matter on June 9, 2026. (Docs. 15, 16.)

Plaintiff filed an Emergency Motion to Alter or Amend Judgment, Reopen Case, and Accept Plaintiff's Limited Response as Timely Filed, or Alternatively for Relief from Judgment (Doc. 17). Plaintiff also filed Plaintiff's Motion to Supplement the Record with Newly Produced OJA Metadata and Related Affidavit Material; Plaintiff Moves Under Rules 59(e) and 60(b)(2), (3), and (6) (Doc. 18). On July 8, 2026, the Court entered a Memorandum and Order (Doc. 19) ("M&O III") accepting Plaintiff's response as timely filed and finding that the dismissal of this matter remains in effect. The Court also granted Plaintiff's motion to supplement to the extent that the attachment to the motion would be considered part of the record.

## II. Current Motion to Alter or Amend

Plaintiff has now filed another Motion to Alter or Amend Judgment (Doc. 20). Plaintiff seeks to reopen his limited access-to-courts claim to address one access claim demonstrated by three linked record events: the Simecka-attributed 2024 Recusal-Trail Footprint Event; the June 4, 2025 Status-to-Merits Conversion Ruling; and the July 17, 2025 Intercourt Record-Handoff and Public-Visibility Event. (Doc. 20, at 1.)

The KAGO Officials submitted the Report on May 1, 2026. (Docs. 12, 13.) The Report provides that "the investigation shows that Plaintiff has sought and continues to seek the same relief in state court, that the relief he seeks is enforcement of a ministerial act in the nature of mandamus, and that the relevant data has been preserved and is not at risk of being purged." (Doc. 12, at 1.) The Report sets forth the details of Plaintiff's state court proceedings. *Id*. at 1–4. The Court set forth the findings in the Report in detail in the M&O II. (Doc. 14, at 3–6.) The Court noted that the Report provides that "[o]n November 26, 2024, Rodney Simecka, a trial clerk with approximately 24 years of experience, located the September 22, 1998 Judge's Minutes in an existing paper file associated with Plaintiff and imaged the document into the case management system so that it would be accessible as part of the electronic record." *Id*. at 5.

In the M&O II, the Court granted Plaintiff an opportunity to respond to the Report. The Court found that:

> In his response to the MOSC, Plaintiff argued that mandamus relief would require a state official to "perform an adjudicative act" and his requested preservation relief is "prohibitory: it directs custodians not to destroy, overwrite, or purge existing electronic audit/provenance materials." (Doc. 10, at 12.) Based on the Report, it appears that this request is moot. Plaintiff should show good cause: 1) why his request for prohibitory relief is not moot in light of the findings in the Report that no data is at risk of being deleted, purged, or overwritten; 2) why any further request for injunctive relief is not in the nature of a request for mandamus relief against state officers; and 3) why the Court would not be required to abstain from any remaining claims based on *Younger*.

*Id*. at 6.

In his response to the M&O II, Plaintiff took issue with not being provided with "system receipts." (Doc. 17–1.) Although the Report explains why the entry was made on the docket at a later date—the document was located in a paper file and imaged into the electronic system—Plaintiff claimed that he needed receipts showing "the objective system path." *Id*. at 11. The Court held in the M&O III that the problem with Plaintiff's argument is that he has failed to explain why he cannot seek the "provenance receipts" in his pending state court actions where this matter is at issue. Plaintiff sets forth a list of records that he claimed should be part of a "supplemental custodian-certification record," but failed to indicate why he cannot seek these records in state court. *See id*. at 18–19.

Plaintiff also filed a motion (Doc. 18) seeking to supplement the record with newly produced OJA metadata and related affidavit material, claiming that this new material contradicts Rodney Simecka's timeline set forth in the Report. (Doc. 18, at 1–2.) Plaintiff indicated that he received the new documentation pursuant to a KORA request. *Id*. at 2. Plaintiff claimed that although Simecka declared that the event occurred on November 26, 2024, the "OJA's metadata

now places the disputed event and document activity on November 6, 2024." *Id.* at 4. Plaintiff attached the June 22, 2026 email response to his KORA request which states that "[a]ll meta data for the document history is attached in the excel spreadsheet." (Doc. 18–2, at 4.)

Although the Court granted the motion to supplement to the extent that the attachment to the motion will be considered part of the record, the Court found that nothing in the supplement changed the Court's decision. The Court held that "Plaintiff's ability to obtain the meta data through his KORA request in June 2026 supports the Report's assertion that no data is at risk of being purged or overwritten." (Doc. 19, at 4.)

The Court found in the M&O III that Plaintiff failed to meet his 'heavy burden' to overcome the bar of *Younger* abstention, and that none of the exceptions to *Younger* abstention apply. *Id.* at 5. In his latest motion to alter or amend, Plaintiff continues to seek documentation without indicating why he cannot seek documentation or receipts in his state court proceedings.

Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff states that he is seeking relief under Rule 60(b)(2), (3), and (6). Plaintiff has failed to show newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Plaintiff has also failed to show fraud, or "any other reason that justifies relief."

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id.*

Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b). Plaintiff's motion is denied. The Court's June 9, 2026 Memorandum and Order and Judgment remain in effect.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend (Doc. 20) is **denied.**

**IT IS FURTHER ORDERED** that the Court's dismissal of this matter remains in effect. The Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated August 27, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**